# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

JAMES RAY BAILEY, #192257,   *
              *
   Plaintiff,      *
              *
vs.           *  CIVIL ACTION NO. 21-00443-JB-B
              *
LT. MCNEAL, *et al.*,    *
              *
   Defendants.    *

## REPORT AND RECOMMENDATION

Plaintiff James Ray Bailey, an Alabama prison inmate proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). Upon review, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because Bailey's claims are either frivolous or fail to state a claim upon which relief may be granted. However, within the time period for filing objections to this Report and Recommendation, Bailey is granted leave to file an amended complaint that states a plausible claim.[1]

---

[1] Although Bailey paid the filing fee in this case, "[u]nder 28 U.S.C. § 1915(e)(2), a court is required to screen a *pro se* prisoner's complaint and dismiss the complaint, or any claims therein, if the court 'at any time' determines that the complaint or claim is frivolous or malicious, fails to state a claim on which

## I.  Complaint. (Doc. 1).

In his complaint, Bailey names two Defendants, "Lt. McNeal" and an "unknown female officer" on the second shift. (Doc. 1 at 6). Bailey alleges that, on May 3, 2021, while locked in the Health Care Unit at Fountain Correctional Facility, "an unknown inmate got a broom being used to prop open the door leading outside" and hit Bailey on his right leg. (Id. at 4-5). According to Bailey, he went to the door leading to the nurses' station, which was locked, and banged on the door until an inmate runner came. (Id. at 5). The inmate runner left and "got an unknown female basic C/O" (correctional officer), who "unlocked the door and came inside." (Id.). Bailey pointed out the inmate who had hit him, and the inmate began hitting him again multiple times, during which time the unknown female correctional officer was "hid[ing] behind" Bailey. (Id.). The unknown female correctional officer then "hit the code," and male officers arrived and

---

relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." Davis v. McKenzie, 2017 WL 8809359, *1 n.1 (S.D. Fla. Nov. 3, 2017), *report and recommendation adopted*, 2018 WL 1813897 (S.D. Fla. Jan. 19, 2018). This screening is required regardless of whether the prisoner has paid the filing fee in full. Id.; see also Holt v. Givens, 2017 WL 5256755, *1 n.1 (N.D. Ala. Nov. 13, 2017), *aff'd,* 757 Fed. Appx. 915 (11th Cir. 2018)("Because the plaintiff paid his filing fees in full, the plaintiff is not proceeding *in forma pauperis* here. However, the review mandated by § 1915A still applies because of the plaintiff's status as a prisoner.").

handcuffed the inmate who had assaulted Bailey. (Id.).  According to Bailey, he was "beat[en] black and blue." (Id.).

Bailey claims that Defendant Lt. McNeal was the shift supervisor at the time of the attack and that McNeal is responsible, as a supervisor, for the unknown female correctional officer's failure to stop the assault on Bailey by the other inmate. (Id. at 6).  Bailey also claims that "the unknown female correctional officer" is liable because she "did nothing to stop the assault" on Bailey by the unknown inmate when she arrived. (Id.). For relief, Bailey requests that the Defendants be held liable and that he be awarded "money damages for pain and suffering." (Id. at 7).

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

As noted, although Bailey paid the filing fee in this case, "[u]nder 28 U.S.C. § 1915(e)(2), a court is required to screen a pro se prisoner's complaint and dismiss the complaint, or any claims therein, if the court 'at any time' determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." Davis v. McKenzie, 2017 WL 8809359, *1 n.1 (S.D. Fla. Nov. 3, 2017), *report and recommendation adopted*, 2018 WL 1813897 (S.D. Fla. Jan. 19, 2018); Holt v. Givens, 2017 WL 5256755, *1 n.1 (N.D. Ala. Nov. 13,

2017), *aff'd*, 757 Fed. Appx. 915 (11th Cir. 2018). Therefore, the Court is reviewing Bailey's complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).

Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).[2] A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, id. at 327, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the

---

[2] Neitzke's interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B). Bilal v. Driver, 251 F.3d 1346,1348-49 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).

speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557 (second brackets in original). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, Tannenbaum v. U.S., 148 F.3d 1262, 1263 (11th Cir. 1998), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." GJR Inv., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by* Iqbal, 556 U.S. 662 (2009). Furthermore, a court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. Iqbal, 566 U.S. at 681. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

## III. Discussion.

The disposition of Bailey's complaint turns on whether he has plausibly stated a claim against either of the two Defendants in

5

this action.  The Court will address Bailey's claims against each Defendant, in turn.

"A successful section 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States."  Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992)(citation omitted).  Here, Bailey appears to be proceeding under the theory of an Eighth Amendment failure to intervene claim.  See, e.g., Jones v. Mack, 2021 U.S. Dist. LEXIS 231029, *30, 2021 WL 6137518, *10 (M.D. Ala. Dec. 2, 2021), *report and recommendation adopted*, 2021 WL 6137388 (M.D. Ala. Dec. 29, 2021)("[A] corrections officer's failure to intervene in a beating can be the basis for liability for an Eighth Amendment violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and refused to do so.").

The Court turns first to Bailey's allegations against the "unknown female correctional officer" Defendant who was working on the second shift at Fountain Correctional Facility on May 3, 2021. Bailey alleges that upon entering the Health Care Unit, this Defendant failed to intervene and protect him from an unknown inmate who was attacking him with a broom stick.  (Doc. 1 at 5). These allegations, even if true, are insufficient to plausibly

6

state a claim against this Defendant upon which relief could be granted.

First, assuming that Bailey is able to identify this officer,[3] the allegations of the complaint are woefully insufficient to plausibly state an Eighth Amendment failure to intervene claim against this Defendant. According to the complaint, when the unknown female correctional officer entered the Health Care Unit, Bailey informed her that another inmate had hit him. At that time, the inmate began hitting Bailey again with a broom stick, and the correctional officer immediately called for help, and allegedly took cover behind Bailey. Under the circumstances alleged, where the officer herself was at risk of being assaulted by either one or both inmates, her failure to intervene until assistance arrived would not constitute a violation of Bailey's Eighth Amendment rights.

---

[3] "As a general matter, fictitious-party pleading is not permitted in federal court." Hendricks v. Dunn, 2022 WL 265878, *3 n.3 (S.D. Ala. Jan. 6, 2022), *report and recommendation adopted sub nom.* 2022 WL 263876 (S.D. Ala. Jan. 27, 2022)(quoting Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010)). "The Eleventh Circuit Court of Appeals has created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be at the very worst, surplusage." Id. (quoting Dean v. Barber, 951 F.2d 1210, 1215-16 (11th Cir. 1992)(internal quotation marks omitted)). Here, Bailey does not describe the unknown female officer with any degree of particularity except to state that she worked on the second shift. Ultimately, if not specifically identified, this Defendant will be terminated from this action. See Stanton v. Dunn, 2020 WL 959246, *2 n.5 (S.D. Ala. Feb. 27, 2020).

Extant case law provides that "[p]rison correctional officers may be held directly liable under § 1983 if they fail or refuse to intervene when a constitutional violation occurs in their presence. . . . However, in order for liability to attach, the officers must have been in a position to intervene." Clary v. Hasty, 2013 U.S. Dist. LEXIS 109671, *9, 2013 WL 4008634, *4 (M.D. Ga. Aug. 5, 2013)(quoting Terry v. Bailey, 376 Fed. Appx. 894, 896 (11th Cir. 2010)). "An officer who fails to intervene in a fight between inmates can only be held liable if he was physically able and had a realistic chance to intervene and act in time to protect the inmate Plaintiff." Id. (quoting Glispy v. Raymond, 2009 WL 2762636 (S.D. Fla., Aug. 28, 2009)(internal quotation marks omitted). Where a plaintiff has not established through his allegations that the defendant officer was physically able and had a realistic chance to intervene and act in time to protect the plaintiff earlier than the defendant did, then the plaintiff cannot establish that the officer committed a constitutional violation by not intervening. Id. (citing Hadley v. Gutierrez, 526 F.3d 1324, 1331 (11th Cir. 2008); see also Ledlow v. Givens, 2012 WL 6176471 (11th Cir. 2012)(summary judgment properly entered against prisoner when prisoner alleged that officer failed to intervene in inmate assault until another officer arrived, but presented no evidence that officer had the ability to reasonably

8

insert himself between the inmates and stop the assault without additional help). Based on the foregoing, Bailey's allegations against the "unknown female correctional officer," even if true, fail to plausibly state a claim upon which relief could be granted.

Turning next to the second Defendant, Lt. McNeal, Plaintiff alleges that as the *supervisor* of the "unknown female correctional officer," Defendant Lt. McNeal is responsible for her failure to intervene and prevent the other inmate from attacking him. These allegations, even if true, fail to plausibly state a claim for supervisory liability against Defendant McNeal.

It is well settled that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. Barr v. Gee, 437 Fed. Appx. 865, 875 (11th Cir. 2011). Supervisors are liable under § 1983 "either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation." Gipson v. City of Anniston, 2021 U.S. Dist. LEXIS 178009, *19, 2021 WL 4263985, *6 (N.D. Ala. Sept. 20, 2021)(quoting Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010)(internal quotation marks omitted)). "A causal connection can be established by facts which support an inference that the supervisor directed the subordinates to act

9

unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Id. (citations and internal quotation marks omitted).  A supervisor cannot be held liable "for merely being [a] commanding officer and having responsibility for [another officer's] training and supervision."  Id.

Thus, to state a supervisory liability claim, Bailey must allege: "(1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr, 437 Fed. Appx. at 875.  "A supervisor cannot be held liable under § 1983 for mere negligence in the training or supervision of his employees. Id. (citing Greason v. Kemp, 891 F.2d 829, 836–37 (11th Cir. 1990)).

Here, Bailey's complaint, as alleged, establishes no direct involvement by Defendant Lt. McNeal, no custom or policy that resulted in deliberate indifference to Bailey's constitutional rights, no allegations that Lt. McNeal directed the unlawful action or knowingly failed to prevent it, nor a history of widespread abuse that put Lt. McNeal on notice of an alleged deprivation that

he then failed to correct.

Last, there can be no supervisory liability when there is no underlying constitutional violation.  Yates v. Mack, 2021 U.S. Dist. LEXIS 243948, *29, 2021 WL 6063956, *9 (S.D. Ala. Dec. 22, 2021)(citing Knight through Kerr v. Miami-Dade Cnty., 856 F.3d 795, 821 (11th Cir. 2017); Taylor v. Taylor, 649 Fed. Appx. 737, 747 (11th Cir. 2016)("For a supervisor to be liable, there must be an underlying 'constitutional or statutory violation.'")(citations omitted); Wilson v. Stewart, 2021 WL 3439398, *15 (S.D. Ala. Aug. 5, 2021)("the parties agree that there can be no supervisory or vicarious liability on the part of [the supervising Defendant] if there was no underlying violation.").  Here, the facts alleged by Bailey are not sufficient to state a constitutional violation; thus, he has failed to plausibly state a supervisory claim against Defendant Lt. McNeal.

**IV.  Conclusion.**

Based upon the foregoing reasons, it is **RECOMMENDED** that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because Plaintiff's claims against both Defendants, Lt. McNeal and the fictitious "unknown female correctional officer," are either frivolous or fail to state a claim upon which relief may be granted.  However, within the time period for filing objections to

the Report and Recommendation, **Bailey is granted leave to file an amended complaint that states a plausible claim, that is, a claim upon which relief may be granted.** See <u>Lee v. Alachua Cnty., Fla.,</u> 461 Fed. Appx. 859, 860 (11th Cir. 2012) (requiring that a *pro se* litigant be given one chance to amend a complaint that fails to state a claim before dismissing the complaint, but recognizing that an amendment will not be allowed if it is futile, that is, subject to being dismissed or to summary judgment).

If Bailey elects to file an amended complaint, he shall use the Court's § 1983 complaint form and not reference or seek to incorporate by reference his prior complaints filed in this action. An amended complaint will be subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B).   The Clerk is **DIRECTED** to send a § 1983 complaint form to Plaintiff.

<u>**NOTICE OF RIGHT TO FILE OBJECTIONS**</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or

12

recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **4th** day of **April, 2022.**

                              **/s/ SONJA F. BIVINS**
                      **UNITED STATES MAGISTRATE JUDGE**

13